## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 1:00-CR-338-02 |
| v. | : | |
| | : | (Judge Kane) |
| JOSEPH VIGGIANO, | : | |
| Petitioner | : | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 81.) Upon due consideration of this motion and the government's response thereto, the Court finds that Petitioner is not entitled to § 2255 relief under any the grounds asserted in the petition. The Court will therefore dismiss Petitioner's petition for writ of habeas corpus.

## I.    Background[1]

In 1994, Joseph Viggiano and Larry Williams founded MICOM, Inc., which sold application services to consumers for paging and mobile radio licenses. Investors were told that they could acquire FCC licenses through MICOM and then either resell these licenses to larger companies or lease them for profit. In fact, resale of these types of licenses is prohibited by law and telecommunication companies do not lease licenses from consumers. As a consequence of these misrepresentations, 175 consumers invested $1.6 million through MICOM.

In January 1996, the Federal Trade Commission ("FTC") shut down MICOM and initiated civil proceedings against Petitioner and Williams for engaging in deceptive acts and practices in violation

---

[1]    The following are undisputed facts taken from Petitioner's motion (Doc. No. 81) and the government's brief in opposition (Doc. No. 91).

of the FTC Act.  In March 1997, the District Court for the Southern District of New York issued a

permanent injunction against Petitioner and the other defendants, enjoining them from engaging in

telemarketing activities.  The court also assessed a $1.6 million fine against Petitioner.

On December 13, 2000, Petitioner was charged with one count of conspiracy to commit mail

and wire fraud and twenty-four counts of mail fraud.  Petitioner pled not guilty to all charges.  On June

28, 2001, pursuant to a plea agreement, Petitioner pled guilty to the single conspiracy count.  On

February 7, 2002, the government filed a motion for downward departure pursuant to U.S.S.G.

5K1.1, which the Court granted.  On February 22, 2002, Petitioner received a sentence of 44 months

imprisonment, 36 months supervised release, a special assessment of $50, and was ordered to pay

$420,750 in restitution.

On March 14, 2002, Petitioner filed a Notice of Appeal with the United States Court of

Appeals for the Third Circuit.  On January 7, 2003, the Third Circuit affirmed the Court's sentence in a

written opinion.  See U.S. v. Willaims, 57 Fed. Appx. 907 (3d Cir. 2003).  On May 27, 2003, the

United States Supreme Court denied certiorari.

On February 10, 2004, Petitioner filed the instant motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 81.)  Attached to this motion was a 55 page brief

in support, appendix of recent cases, and thirteen voluminous exhibits.[2]  The Court issued Petitioner a §

2255 Notice and a corresponding election form as required by United States v. Miller, 197 F.3d 644

---

[2]        Petitioner also filed a "Motion for Summary Judgement, Sua Sponte [sic]" pursuant to
Fed. Rules of Civ. Proc. 56.  (Doc No. 88).  As the instant matter is a criminal action, summary
judgment is not appropriate.

(3d Cir. 1999).  Petitioner returned the form on March 10, 2004, indicating that he wished the Court to rule on the above motion as filed.  (Doc. No. 85.)

Petitioner claims that he was denied effective counsel in that both his appointed and hired counsel did not properly argue the following claims: 1) res judicata, 2) double jeopardy, 3) ex post facto, 4) excessive fines, 5) improper calculation of the sentence, 6) improper refusal to grant a sentence reduction, and 6) failure to move for dismissal based upon the above.[3]  Petitioner also separately argues that his sentence is barred pursuant to the doctrine of double jeopardy.  The Court will address each claim in turn.

## II.     Standard of Review

An evidentiary hearing is required by § 2255 "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; see also U.S. v. Baynes, 622 F.2d 66, 68 (3d Cir. 1980).  Where the record affirmatively indicates that a Petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing.  See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972).  Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a § 2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates

---

[3]     Petitioner complains that counsel failed to move for dismissal of the criminal action on the grounds that the trial would violate the doctrines of double jeopardy and res judicata.  The Court notes that Petitioner plead guilty pursuant to an agreement, but will construe  this complaint as a failure to file a motion to dismiss the indictment.  For the reasons discussed below, these claims are meritless, and therefore counsel did not provide ineffective assistance for failing to pursue these claims.

as alleged in the motion are true, it is not an abuse of discretion to elect not to conduct an evidentiary

hearing.  See Nicholas, 759 F.2d at 1075.  "[B]ald assertions and conclusory allegations do not afford

a sufficient ground for an evidentiary hearing."  Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir.

1987).  In this case, the Court finds, for the reasons set forth in this opinion, that the record affirmatively

establishes as a matter of law that Petitioner's claims for relief are meritless and therefore no hearing is

required.

**III.    Discussion**

The Supreme Court established a two-prong test in determining whether counsel was so

ineffective as to constitute a violation of a defendant's right to counsel.  Strickland v. Washington, 466

U.S. 668, 687 (1984).  "A petitioner must show (1) that counsel made errors so serious that counsel's

representation fell below an objective standard of reasonableness, and (2) that such failure resulted in

prejudice so as to deprive the petitioner of a fair trial, that is, a trial whose result is reliable."

Zettlemoyer v. Fulcomer, 923 F.2d 284, 295 (3d Cir. 1991)(citing Strickland, 466 U.S. at 687-688).

Both prongs must be satisfied before a conviction is overturned based on ineffectiveness of counsel.

Strickland, 466 U.S. at 687.

The first prong of Strickland is met if counsel's performance "fell below an objective standard of

reasonableness."  Id. at 688.  "Judicial scrutiny in this regard, however, is highly deferential."  Affinito v.

Hendricks, 366 F.3d 252, 258 (3d Cir. 2004). See also Strickland, 466 U.S. at 689.  The Court in

Strickland observed:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction
> or adverse sentence, and it is all too easy for a court, examining counsel's defense after it
> has proved unsuccessful, to conclude that a particular act or omission of counsel was

unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Strickland, 466 US. at 689 (internal citation omitted). Therefore, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Counsel cannot be found ineffective for failing to raise a claim that lacks merit. Singletary v. Blaine, 89 Fed. Appx. 790 (3d Cir. 2004) (non-precedential opinion) (citing Moore v. Deputy Commissioner of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991)). Although counsel has a duty to investigate, counsel may reasonably decide that certain investigation is unnecessary. Strickland, 466 U.S. at 691.

The second Strickland prong may be reached only after the first is demonstrated. Affinito, 366 F.3d at 258. To establish prejudice requires a showing that, but for alleged deficiencies of counsel, the outcome of the case would have been different. Hess v. Mazurkiewicz, 135 F.3d 905, 909 (3d Cir. 1998). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

## A.     Res Judicata and Double Jeopardy

Petitioner asserts that he was denied effective assistance of counsel when his counsel failed to argue that his trial was barred by the doctrines of both res judicata and double jeopardy. (Doc. No. 81.) Petitioner relies upon United States v. Halper, 490 U.S. 435 (1998) in arguing that his criminal trial was barred by the unfavorable ruling in the proceeding civil trial. However, Halper has been overruled by the Supreme Court in Hudson v. United States, 522 U.S. 93, 102 (1997). The double

jeopardy clause only protects against the imposition of multiple criminal punishments for the same offense, and then only when such punishment occurs in successive proceedings. Hudson, 522 U.S. at 99. Therefore, as Petitioner was merely found civilly liable in New York, the Pennsylvania criminal proceeding did not constitute double jeopardy.

Likewise, the Supreme Court has held that the difference in the relative burdens of proof in criminal and civil actions precludes the application of collateral estoppel or res judicata. Dowling v. United States, 493 U.S. 342, 349-350 (1990); One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 235 (1972); Helvering v. Mitchell, 303 U.S. 391, 397 (1938). Moreover, since Petitioner was found liable in the civil action, application of these doctrines in the criminal matter would have been to Petitioner's detriment. Accordingly, these claims are meritless and Petitioner's counsel did not unreasonably err in failing to pursue them before trial or on appeal. Petitioner's claim of ineffective assistance of counsel on these grounds will therefore be denied. Additionally, for the abovementioned reasons, Ground Two of Petitioner's § 2255 motion will also be denied.

**B.    Ex Post Facto**

Petitioner asserts that he was denied effective assistance of counsel when his counsel failed to argue that the Court improperly determined Petitioner's restitution and payment schedule based upon the Mandatory Victims Restitution Act of 1996, instead of the Victim Witness Protection Act of 1982, in violation of the United States Constitution prohibition of ex post facto laws.[4]    (Doc. No. 81.)

---

[4]    Although Petitioner cites to the Fourteenth Amendment, the Court will liberally construe his claim as a violation of the prohibitions against ex post facto laws found in Article 1 of the Constitution.

Petitioner points to no evidence, and the Court finds none, to indicate that the sentencing court relied upon the 1996 act. In fact, contrary to Petitioner's assertions, the sentencing court specifically addressed Petitioner's current financial resources and his earning ability. 18 U.S.C. §§ 3663 - 3664 (1982). (Doc. No. 81, Exhibit 5, "Sentencing Transcript.") The Court addressed Petitioner's present financial holdings as well as his past earnings. (Id. at 16.) Considering these factors, the Court found that petitioner had "the ability to pay restitution but not a fine." (Id. at 24.)

Moreover, both the pre-sentence report and judgement rely upon the 1982 act. (Doc. No. 92, Exhibit A at 17, and Exhibit B at 6). Because of the above, the Court did not use the 1996 act as alleged and therefore did not violate the prohibition against ex post facto laws. As this is a meritless claim, Petitioner's counsel did not unreasonably err in failing to pursue this claim at sentencing or on appeal.

### C.    Excessive Fines

Petitioner contends that counsel was ineffective for not opposing the restitution order as being an unconstitutionally disproportionate and excessive penalty or fine. Petitioner argues that the Court's order of $420,750 in restitution is excessive when added to the $1.6 million restitution order in the civil trial, as the two together exceeds the total lost by the victims. (Doc. No. 81.) However, the "touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality. The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." United States v. Baj, 524 U.S. 321, 334 (1997). The $420,750 restitution amount is a fourth of the amount defrauded

and will go directly to reimburse the victims of Petitioner's scheme. Petitioner's ability to pay was

7

considered in arriving at this amount.  (Doc. No. 92, Exhibit A.)  The Court also notes that Petitioner

failed to pay <u>any</u> restitution to his victims prior to his criminal sentencing.  (Doc. No. 81, Exhibit 5 at

17.)

Counsel's failure to raise this issue before the sentencing court or on appeal does not

demonstrate the high level of ineffective assistance of counsel needed to defeat the strong presumption

of <u>Strickland</u>.  Similarly, Petitioner does not offer any indication, beyond base allegations, that would

even begin to suggest that the Court would have abandoned its own logic and eliminated the sentence

had his counsel argued this point to Petitioner's satisfaction.  Accordingly, Petitioner's claim of

ineffective counsel on this ground is meritless and will be denied.

### D.    Sentence Guideline

Petitioner asserts that he was denied effective assistance of counsel when his counsel failed to

adequately argue for a one-point offense level deduction.  (Doc. No. 81.)  Counsel did argue that the

$1.6 million amount should be reduced by $212,000 worth of expenditures spent on behalf of the

victims.

In perpetuating the fraud, Petitioner actually obtained licenses for his victims.  In order to

acquire these licenses, Petitioner had to pay an engineering firm to complete the highly technical

portions of the applications.  During sentencing, Petitioner contended that these expenses were

legitimate expenses incurred in actually obtaining the licenses and should be subtracted from the

restitution amount.  However, the Court found, but for the fraud, the victims would not have wanted the

licenses and these fees would have been unnecessary.

Petitioner now argues that his counsel improperly failed to provide the Court with all of the

8

application documents and that this failure prevented the Court from understanding the magnitude of the applications' complexity. This allegation is wholly without merit. The Court did not grant Petitioner's objection to the amount because it believed Petitioner capable of filling out the applications. Rather, the Court stated, "I can't see crediting the [Petitioner] for expenses, even if they're legitimate expenses incurred, in acquiring something the victims never would have wanted in the first place but for the fraud." (Doc. No. 81, Exhibit 5, "Sentencing Transcript.") Even had counsel provided the Court with all of the documents Petitioner now suggests, the transcript clearly indicates that the outcome would have been the same.

Petitioner also faults counsel for not bringing this matter on direct appeal despite Petitioner's wishes. Although the ultimate decision to appeal rests with the client, the strategic decisions as to how best to proceed during an appeal are the providence of the attorney. Moreover, the Court finds no indication that it made a clear error in refusing to credit the Petitioner for these expenses, and therefore would have been reversed had counsel brought this issue up on appeal. These "faults" in counsel's performance do not demonstrate the high level of ineffective assistance of counsel needed to defeat the strong presumption of reasonableness under Strickland. Accordingly, Petitioner's claim of ineffective counsel on this ground is meritless and will be denied.

**E.      Acceptance of Responsibility**

Petitioner asserts that he was denied effective assistance of counsel when his counsel failed to adequately argue for a reduction in his sentence based upon his acceptance of responsibility. (Doc. No. 81.) Although Petitioner asserts this claim under the guise of ineffectiveness of counsel, Petitioner seems to be rearguing that the sentencing court erred in making this determination. This issue was

9

argued by his attorney during Petitioner's appeal and was fully addressed by the Third Circuit, who has already ruled against Petitioner in this regard.  Section 2255 generally may not be employed to relitigate questions which were properly raised and considered on direct appeal.  U.S. v. DeRewal, 10 F.3d 100, 105 (3d Cir. 1993).

Petitioner points only to counsel's failure to file a response to Appellee's brief.  (Doc. No. 81, at 28.)  However, Petitioner puts forward no new arguments which might have warranted a response. Petitioner argues precisely the same three grounds that were considered by the Third Circuit.  (Id.); Williams, 57 Fed. Appx. at *7-12.  Nor does Petitioner indicate, beyond the base allegation, why such a response would have persuaded the Third Circuit to rule in favor of Petitioner.  Counsel is not ineffective merely because one receives an adverse verdict.  The Court finds no indication that counsel's conduct fell outside the reasonable professional assistance guaranteed by the Sixth Amendment nor that the Third Circuit would have abandoned its holding had counsel filed a response to Petitioner's satisfaction.

Therefore, for the abovementioned reasons, the Court finds that all of Petitioner's claims are without merit and that no evidentiary hearing is warranted.  Accordingly, Petitioner's motion to vacate, set aside, or correct sentence will be denied.  (Doc No. 81.)

III.    **ORDER**

        **AND NOW**, this 6<u>th</u> day of December, 2004, **IT IS HEREBY ORDERED THAT**

Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Doc. No. 81) is

**DENIED**.  The Clerk of Court shall close the file.


                                        __S/ Yvette Kane_____
                                        Yvette Kane
                                             United States District Judge




Date: December 6, 2004