UNITED STATES DISTRICT COURT
for the MIDDLE DISTRICT of
PENNSYLVANIA - 3rd CIRCUIT


UNITED STATES OF AMERICA )
)
) CRIMINAL NO. 1:CR-00-338-02
) ( Judge Yvette Kane)
vs. )
)
) PRO SE
)
) FILED
JOSEPH VIGGIANO ) HARRISBURG, PA
)

DEC 23 2004

MARY E. D'ANDREA, CLERK
Per _____

## MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner moves this Court for a Certificate of Appealability in the above referenced case, in the matters of 1) DOUBLE JEOPARDY, 2) EX POST FACTO, 3) EXCESSIVE FINES, and 4) GENERAL INEFFECTIVE ASSISTANCE OF COUNSEL.

A careful reading of this Court's Order denying Petitioner's 28 USC § 2255 motion to vacate, set aside, or correct sentence, dated December 6, 2004, would show that the Court failed to address relevant points in support of Movant's issues, or made conclusions contrary to that of other jurists of reason in similar cases or circumstances.

1) DOUBLE JEOPARDY

The Court's Order does not indicate consideration of the nature of the constraints of the 1997 FINAL JUDGEMENT AND PERMANENT INJUNCTION against Petitioner.

Just as this Court did, Movant references Hudson vs. U.S., 522 US 93 (1997), regarding the outcome of the preceeding civil trial.

The constraints and sanctions placed upon Petitioner as a result of that proceeding were such that they transformed what was clearly intended as a civil remedy into a criminal penalty, and as such barred the instant proceeding.

The "in personam" sanctions imposed by the 1997 FINAL JUDGEMENT AND PERMANENT INJUNCTION, serving their purposes as "deterrents", represent a FIRST JEOPARDY. U.S. v. Ursery, 518 US 267 (1996) and Austin v. U.S., 125 L.Ed.2d 488 (1993).

Refusal to consider, and act upon, the aforementioned represents Ineffective Assistance of Counsel. Kimmelman v. Morrison, 477 US 365 (1986); Rhoden v. Morgan, 863 F. Supp. 612, 621 (M.D. Tenn. 1994)

2) EX POST FACTO

Regardless of the Government's and the Court's claims to the contrary, determination of Restitution was predicated upon the MANDATORY VICTIMS RESTITUTION ACT of 1996, and not the appropriate VICTIM WITNESS PROTECTION ACT of 1982.

The Court and the Government maintain that all mandatory factors were considered in the determination of restitution. However, based upon Petitioner's family Adjusted Gross Income Avereage of $42,000 for the 2 years preceeding this action (Doc. 81, EXHIBIT 2, pg. 16, ¶ 83), payment of restitution of $420,750 over 3 years is patently not possible, and completely unrealistic.

The substance of this Court's Order directly contradicts the findings in U.S. v. Sclafani, 996 F. Supp. 400, 404 (D. N.J. 1998); U.S. v. Maurello, 76 F.3d 1304, 1316-1318 (3rd. Cir. - 1996); U.S. v. Copple, 74 F.3d 479 (3rd Cir. - 1996); U.S. v. Copple,

24 F.3d 550 (3rd Cir. - 1994); and U.S. v. Logar, 975 F.2d 958 (3rd Cir. 1992).

Just because the Court claims that defendant has the ability to pay restitution does not make it so. Copple I and Copple II make this perfectly clear.

In Copple I, the 3rd Circuit Court of Appeals found that "The district court made no findings about Copple's ability to pay restitution. The Court also made no findings about Copple's financial needs, or his ability to support himself and his wife and two children (after his release from jail)." U.S. v. Copple, 24 F.3d 550 (3rd Cir. 1994).

The Court of Appeals in Copple II determined a similar view, in indicating the District Court's lack of

" . . . finding by the preponderance of evidence that there exists realistic prospect that defendant will be able to pay required amount . . . ". U.S. v. Copple, 74 F.3d at 485 (3rd Cir. 1996).

Failure to pursue this line of contention, both during Sentencing Phase and on Direct Appeal (despite client insistance to do so) cannot be reasonably justified by professional standards of the criminal bar, and represents ineffective assistance of counsel. Strickland v. Washington, 466 US 668 (1984) and U.S. v. Mannino, 212 F.3d 835, 864-867 (3rd Cir. 2000).

3) EXCESSIVE FINES

The combination of the Restitution Order of $420,750 and the civil judgement of $1,600,000, totalling in excess of $2,000,000, represents "double recovery" to many victims, and far exceeds the losses

caused by the offense of conviction, thereby contravening Congressional intent. <u>Hughey v. U.S. 495 US 411 (1990)</u>; <u>U.S. v. Stoddard, 150 F.3d 1140 (9th Cir. - 1998)</u>; <u>U.S. v. Menza, 137 F.3d 533 (7th Cir. 1998)</u>; <u>U.S. v. Arutunoff, 1 F.3d 1112 (10th Cir. 1993)</u>; <u>U.S. v. Patty, 992 F.2d 1045 (10th Cir. 1993)</u>; <u>U.S. v. Atkinson, 788 F.2d 900, 904 (2nd Cir. 1986)</u>

Further, this Court based it's determinations upon an erroneous and contradictory belief in the record. To wit:

- "The Court also notes that Petitioner failed to pay **any** restitution to his victims prior to his criminal sentencing." (emph. in orig.) <u>Court Order, Dec. 6, 2004, pg. 8</u>

- "The probation officer noted that Viggiano had paid a total restitution of $2,162.27." <u>Doc. 91, pg. 9, n. 4.</u>

- "The Clerk's Office in the Southern District of New York has no record of any payments being made." <u>Doc. 92, Exhibit A, ¶ 37.</u>

- "Since the March 12, 1997 judgement, the defendant has made two payments totalling $2,162.27 toward the $1,600,000 debt, . . . " <u>Doc. 81, EXHIBIT 2, pg. 8, ¶ 37.</u>

Movant is entitled to judgements not based upon misleading or inaccurate information in the record. <u>U.S. v. McDowell, 888 F.2d 285, 291 (3rd Cir. 1989)</u>; <u>Townsend v. Burke, 334 US 736 (1948)</u>; <u>Mannino, supra.</u>

Counsel's failure to press the aforementioned during Sentencing Phase, and on Direct Appeal, constitutes ineffective assistance of

counsel. <u>Mannino, supra.</u>

It should be duly noted by this Court that Movant believes that there are at least two (2) Pre-Sentence Investigation Reports, only one of which has been used as a basis for this Court's findings and determinations. Movant further believes that the Court has been utilizing the erroneous PSR. Compare <u>Doc. 92, Exhibit A</u> with <u>Doc. 81, EXHIBIT 2,</u> particularly as regards Payments by defendant toward Restitution.

" . . . due process protects the right not to be sentenced on the basis of false information." <u>Shukwit v. U.S., 973 F.2d 903, 904 (11th Cir. 1992).</u>

## 4) <u>GENERAL INEFFECTIVE ASSISTANCE OF COUNSEL</u>

Merely a cursory review of Movant's <u>Motion § 2255, EXHIBIT 3 - Lock Letters</u> would provide a fairly accurate portrayal of the assistance rendered the Movant by Defense Counsel

This portrayal, both on-going and steadily deteriorating, of Counsel's assistance is not reflective of tactical or strategic decision-making, but of malfeasance, disloyalty, mendacity, and arrogance.

These are not the baseless allegations of a convict whose defense has gone awry; but charges, founded in fact and the record, of reprehensible and unconscionable conduct of a member of the Criminal Bar under the the guise of Defense Attorney.

The record shall show a pattern of misconduct and disloyalty amounting to breach of legal duty, thereby rendering ineffective assistance of counsel. <u>U.S. v. Maroney, 423 F.2d 869 (3rd Cir. 1969);</u>

<u>Atilus v. U.S., 406 F.2d 694, 697 (5th Cir. 1969); U.S. v. Raimondi, 760 F.2d 460 (2nd Cir. 1985).</u>

    For the above reasons, Movant respectfully requests of this Court a CERTIFICATE OF APPEALABILITY.

    Executed this 16th day of December, 2004, at FCI-MILAN.

                                                JOSEPH VIGGIANO    12/16/04



Joseph VIGGIANO
NAME
10590-067 A
REG. NO.
FEDERAL CORRECTIONAL INSTITUTION
BOX 1000
MILAN, MICHIGAN 48160

CERTIFIED MAIL
7001 1140 0002 1214 4365

The Honorable Yvette Kane
U.S. District Court – 3rd Circuit
U.S. Courthouse
Federal Building
228 Walnut Street
Harrisburg, PA 17108

LEGAL MAIL